UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AYINDE KHAMISI,<br>　　　　Petitioner,<br><br>　　vs.<br><br>SHERIFF JIM NEIL,<br>　　　　Respondent. | Case No. 1:20-cv-287<br><br>Dlott, J.<br>Bowman, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, currently on judicial release, has filed a petition for a writ of habeas corpus (Doc. 1) in this Court. This matter is before the Court on the petition and various motions filed by the parties. For the reasons stated below, the Court finds that (1) the petition is a mixed petition and should be stayed to allow petitioner the opportunity to exhaust his unexhausted claims, and (2) the various motions should be denied.

## I.　　MOTIONS

The following motions are before the Court: respondent's Motion to Dismiss (Doc. 14); petitioner's Motion for Release from Unauthorized Restraining of My Liberty (Doc. 15); respondent's Motion to Strike Petitioner's Judicial Notice Concerning Petition for Writ of Habeas Corpus, Objection to Respondent's Dismissal, and Motion for Release (Doc. 18); Petitioner's Motion to Strike Respondent's Reply in Support of Its Motion to Dismiss and Second Response (Doc. 19); Petitioner's Motion and Order to Vacate the Void Judgment, per Respondent's Failure to Comply with this Court's Order (Doc. 25); and Petitioner's Objection to Unfiled Documents and Improper Respondent, Motion to Vacate Void Judgment, Motion of Contempt, Order of Release, and Memorandum in Support (Doc. 33).[1]

---

[1] Petitioner has also filed an Objection, in Part, to the Order and Memorandum in Support (Doc. 31). To the extent petitioner clarifies his claims in this filing, the Court acknowledges petitioner's clarifications. However, to the extent petitioner objects to the Court's May 24, 2021 Order, the submissions remain pending for consideration by the District Court. *See* Fed. R. Civ. P. 72(a).

**A.     Respondent's Motion to Dismiss (Doc. 14)**

Respondent has filed a motion to dismiss, arguing in relevant part that the Hamilton County Sheriff is not the proper respondent in this action. Respondent instead identified the Hamilton County Probation Department as a proper respondent. (Doc. 14, at PageID 50). As the Court previously noted (Doc. 20, at PageID 75), the Court finds the petition sufficient to identify the Hamilton County Probation Department as a respondent to the action. (*See* Doc. 1, at PageID 1). Because respondent has not demonstrated that dismissal is appropriate on the basis that petitioner has failed to identify the proper respondent, the motion to dismiss (Doc. 14) should be **DENIED.**

**B.     Petitioner's Motions for Release (Docs. 15, 25, 33)**

In documents 15, 25, and 33, petitioner seeks release from custody based on respondent's alleged failure to respond to his petition for habeas corpus relief. In document 33, petitioner also seeks to hold respondent in contempt for failing to respond.

In response to the Court's Orders (*see* Docs. 20, 26, 30), respondent has filed a notice of filing State Court transcripts, briefs, and Orders (Doc. 27), an Answer to Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 28), and a second notice of filing state court records (Doc. 32). In light of respondent's filings, petitioner's motions (Docs. 15, 25, and 33) do not serve as a basis to dismiss this action or to hold respondent in contempt and should be **DENIED.**

**C.     Motions to Strike (Docs. 18, 19)**

In document 18, respondent moves to strike petitioner's Notice Concerning Petition for Writ of Habeas Corpus Filing (Doc. 13), Objection to Respondent's Dismissal (Doc. 16), and Motion for Release from Unauthorized Restraining of My Liberty (Doc. 15). In document 19,

2

petitioner moves to strike respondent's Reply in Support of Its Motion to Dismiss (Doc. 17) and respondent's Motion to Strike (Doc. 18).

The Sixth Circuit has indicated "a strong preference" for cases to be decided on the merits. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986). In light of the Sixth Circuit's strong preference to resolve cases on the merits, the parties' motions to strike (Docs. 18, 19) are not well-taken and should be **DENIED.**

Accordingly, for the reasons stated above, the pending motions in this case (Docs. 14, 15, 18, 19, 25, 33) should be **DENIED**.

## II. THE PETITION

On June 29, 2018, following a jury trial, petitioner was convicted of two counts each of tampering with records, theft, and unauthorized use of property. Petitioner was sentenced to a total aggregate sentence of two years in the Ohio Department of Corrections. (Doc. 27-1 at PageID 2105). Petitioner filed a motion for judicial release in the trial court. (*Id.* at PageID 2117). On December 27, 2018, the trial court granted the motion and placed petitioner on community control for a period of five years. (Doc. 32-3 at PageID 2343). The entry included the following special conditions:

1. Defendant shall not enter on the premises of which he is not the titled owner as determined by the Hamilton County Auditor unless the owner is present or he obtained a written consent from the titled owner.

2. Defendant <u>shall not</u> file any complaints, petitions, affidavits, or any other documents in any court or agency whether at federal, state or local level without the written consent of the probation department or the court and excludes, his appeal in this case and his federal case against Judge Ruehlman et.al., as established by this Court.

(*Id.* at PageID 2343-44).

In the instant federal habeas corpus action, petitioner asserts claims pertaining to his

3

state-court criminal trial and convictions, as well as challenges to the constitutionality of his community-release conditions. (Doc. 1). The undersigned previously construed the petition to raise the following claims: that (1) the trial court lacked subject matter jurisdiction over petitioner's underlying criminal matter because petitioner was (a) arrested without a warrant or probable cause, (b) denied a preliminary hearing, and (c) denied adequate notice of the charges at issue; and (2) petitioner's community-release conditions are unconstitutional. Petitioner since has clarified his claims concerning the subject matter jurisdiction of the trial court. (*See* Doc. 31). As to his challenge to the imposed community-release conditions, petitioner has also clarified his claim to assert that "the conditions that were unlawfully imposed, of which the judge never answered any of my requests to file, are interfering with my constitutionally protected rights to petition the courts, enter on to real property, register with any local, state, or federal agencies." (*Id.* at PageID 2329).

In respondent's return of writ, respondent argues, in part, that petitioner is barred from relief because petitioner failed to exhaust available administrative and state-court remedies. (*See* Doc. 28, at PageID 2308-09).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted petitioner's state-court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971).

4

Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present petitioner's claims through the requisite levels of state appellate review, but still has an avenue open to petitioner in the state courts by which petitioner may present the claims, petitioner's petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present petitioner's claims in a renewed petition after exhausting petitioner's state remedies only to find that petitioner's claims are barred from review by the one-year statute

of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or

6

the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for petitioner's failure to exhaust, petitioner's unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley\,* No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849

7

(D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, it appears that petitioner has exhausted his claims pertaining to his state-court criminal trial and convictions unrelated to his conditions of judicial release, by filing a direct appeal in the Ohio Court of Appeals and seeking review in the Ohio Supreme Court. (*See* Doc. 27-2, at PageID 2273-97 (Ohio Court of Appeals Opinion affirming convictions); Doc. 27-3, at PageID 2295 (Ohio Supreme Court Entry declining further review)).[2] However, petitioner has not fairly presented his claims challenging his conditions of release to the Ohio courts and appears still to have the availability of a delayed appeal.[3] On June 18, 2019, petitioner filed a

---

[2] The Ohio Court of Appeals consolidated the appeals of petitioner and codefendants Jelani Khamisi, Kimberly Khamisi, and Kaia Khamisi. (Case Nos. C-180405, C-180424, C-180425, C-180426, C-180433, and C-180434). (*See* Doc. 27-2, at PageID 2275). Kimberly Khamisi and Kaia Khamisi also have habeas actions pending in this Court. *See Kimberly Khamisi v. Sheriff Jim Neil*, No. 1:20-cv-00285 (S.D. Ohio); *Kaia Khamisi v. Sheriff Jim Neil*, No. 1:20-cv-00286 (S.D. Ohio).

[3] Petitioner did not appeal from the trial court's December 27, 2018 order granting him judicial release. (See Doc. 32-1). Furthermore, review of the docket records provided by respondent as well as the Hamilton County Clerk of Court and Ohio Supreme Court online docket records (viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search and www.courtclerk.org) indicates that—with the exception of the June 18, 2019 dismissed habeas corpus petition discussed herein—petitioner has never sought clarification or challenged the conditions of judicial release in the Ohio courts. Although it appears that petitioner did file a habeas corpus petition in the Ohio Supreme Court following the dismissal of his state appellate court habeas corpus petition, the petition, which was dismissed by the Ohio Supreme Court, *see* Case No. 2020-0117 (viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search), does not mention petitioner's challenged community release conditions. Additionally, given the Ohio Court of Appeals' earlier finding that habeas corpus was not an available remedy, petitioner's filing of a habeas corpus action in the Ohio Supreme Court could not have exhausted his claims pertaining to his community release conditions in any event. This

petition for a writ of habeas corpus in the Ohio Court of Appeals challenging his conditions of release.[4]  However, the Ohio appeals court dismissed the petition, finding that petitioner's claims were not properly raised in a habeas petition because petitioner "has adequate remedies at law through appeal or petition for postconviction relief."  *Khamisi v. Jim Neil, Hamilton County Sheriff*, Case No. C-190363 (Ohio Ct. App. Oct. 15, 2019) (Entry Granting Motion to Dismiss Petition for Writ of Habeas Corpus).

Upon review of the record in this case, the undersigned recommends that the petition be stayed so that petitioner may attempt to exhaust his claims concerning the conditions of judicial release through a delayed appeal in the Ohio Court of Appeals and, in the event of an adverse judgment, through a subsequent appeal to the Ohio Supreme Court.[5]  At this point in the proceedings, the Court cannot conclude that petitioner's unexhausted claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay.  *Rhines*, 544 U.S. at 277–78.  Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds. !

---

Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[4] Viewed at www.courtclerk.org under Case No. C190363.

[5] Petitioner claims that he is unable to exhaust his claims due to the conditions of community release imposed on him by the trial court. (*See* Doc. 33 at PageID 2397).  However, his conditions of release specifically exclude from limitation an appeal filed in his criminal case and, as noted above, petitioner has filed several petitions for habeas corpus while on judicial release, including cases in the Ohio Court of Appeals, Ohio Supreme Court, and this federal court.  Petitioner has demonstrated his ability to file pleadings and motions in these cases.  The record before the Court otherwise includes no indication that petitioner has been denied the ability to file a delayed appeal from the trial court's December 27, 2018 Entry placing him on judicial release.  Under these circumstances, there is no indication from the record before the Court that exhaustion of petitioner's state-court remedies would be futile.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

### IT IS THEREFORE RECOMMENDED THAT:

1. The motions before the Court (Docs. 14, 15, 18, 19, 25, 33) be **DENIED.**

2. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through a delayed appeal in the Ohio Court of Appeals and, in the event of an adverse judgment, through a subsequent appeal to the Ohio Supreme Court. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state-court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See*

generally *Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state-court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[6]

    4.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[6]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AYINDE KHAMISI,
    Petitioner,

vs.

SHERIFF JIM NEIL,
    Respondent.

Case No. 1:20-cv-287

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).