UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ayinde Khamisi, : Case Number: 1:20cv287

        Petitioner, :
v. : Judge Susan J. Dlott

Sheriff Jim Neal, :

        Respondent. :

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate judge reviewed the pleadings and filed with this Court on August 23, 2021 a Report and Recommendation (Doc. 34). No objections have been filed and the time for filing objections expired September 21, 2021.

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendation should be adopted.

Accordingly, docs. 14, 15, 18, 19, 25, 33 are **DENIED.** The petition (Doc. 1) is administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay is conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through a delayed appeal in the Ohio Court of Appeals and, in the event of an adverse judgment, through a subsequent appeal to the Ohio Supreme Court.

Petitioner is granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

A certificate of appealability will not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state-court remedies. *Cf. Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state-court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.

_____
Susan J. Dlott
United States District Judge